UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VONNELL ALANDO REED,

          Petitioner,

v.

          Criminal Case No.: 19-20253
          Civil Case No.: 24-10797
          Hon. Gershwin A. Drain

UNITED STATES OF AMERICA,

          Respondent.
_____/

**ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [#215] AND DENYING MOTION TO DISMISS CASE [#219]**

## I.    Introduction

Plaintiff Vonnell Reed was convicted, after a jury trial, of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1, PageID.5. He was sentenced to 71 months in prison. ECF No. 202, PageID.1686. The Sixth Circuit affirmed Reed's conviction and sentence. *United States v. Reed*, No. 22-1573, 2024 WL 2296688 (6th Cir. 2024). Presently before the Court is Reed's Motion to Vacate Sentence under 28 U.S.C. § 2255. ECF No. 215, PageID.1797.[1] The Government filed a Response opposing Reed's Motion to

---

[1] Also, before the Court is Reed's Motion to Dismiss My Case, filed on May 23, 2024. Reed complains that the Government has delayed these § 2255 proceedings. A review of the docket sheet reveals that the Government timely filed its Response

1

Vacate Sentence on May 7, 2024. ECF No. 218, PageID.1827. For the following reasons, the Court will deny Reed's Motion to Vacate Sentence under 28 U.S.C. § 2255. ECF No. 215, PageID.1797.

## II. Background

### A. Factual and Procedural Background

On April 4, 2019, Detroit police officers stopped Reed for traveling without a visible license plate. ECF No. 1, PageID.3. As officers approached the vehicle, they observed Reed drop a heavy object in the center console prompting the police officers to do a sweep of the vehicle. *Id*. The sweep recovered a loaded 9 mm pistol. *Id*. at PageID.3-4. The officers arrested Reed for carrying a concealed weapon without a license. Further investigation revealed that Reed had multiple felony convictions. *Id*. Accordingly, Reed was charged by complaint with being a Felon in Possession of a Firearm, a violation of 18 U.S.C. § 922(g)(1). *Id*. at PageID.5.

Concurrently with the federal complaint, Magistrate Judge David Grand issued a federal arrest warrant under-seal. ECF No. 218, PageID.1828-9. On or approximately April 16, 2019, Reed's state court case was dismissed without

---

to Reed's Motion to Vacate Sentence. Because Reed advances no argument warranting dismissal of this case, his motion will be denied.

prejudice and federal agents arrested and transferred him to federal court for his initial appearance. ECF No. 14, PageID.30. During pre-trial proceedings, Reed sought the arrest warrant, which was not available on the docket. *Id*. at PageID.29-36. After having four different trial attorneys, Reed chose to represent himself. ECF No. 136, PageID.653. The Court appointed stand-by counsel. *Id*.

At a pretrial hearing, Reed's proposed trial exhibits, including the original arrest warrant, were discussed. The Court explained that the trial was to determine guilt or innocence, and not the validity of the arrest warrant. The Court further noted that it has already determined that the warrant was valid after Reed moved to suppress evidence under the Fourth Amendment and the Court denied his motion. ECF No. 162, PageID.858. At the pre-trial conference, the Government submitted the original arrest warrant, with a raised seal from the clerk's office, for inspection. *Id*. at PageID.874. Reed tore the warrant in half. *Id*. Ultimately, the jury found Reed guilty, and the Court sentenced him to 71 months in prison. ECF No. 176, PageID.1257; ECF No. 202, PageID.1686.

### B. The Instant Motion

Reed now seeks to vacate his sentence under 28 U.S.C. § 2255. ECF No. 215, PageID.1797. He raises one argument in support of his motion. Reed maintains that he did not see the arrest warrant and that when it was eventually

shown to him, it was fraudulent. ECF No. 215, PageID.1800-2. Thus, Reed argues his attorneys' decision to not argue the issue constituted ineffective assistance of counsel. *Id*. Furthermore, Reed asserts the arrest warrant lacked the judges' signature under their names and a stamped seal, and it was not filed nor docketed by the courts. *Id*. at PageID.1810.

The Government argues that Reed's claims are procedurally defaulted unless he raises claims that counsel was ineffective. ECF No. 218, PageID.1833. However, the Government asserts that Reed's claims for the ineffective assistance of counsel lacks merit. The Government disputes that Reed's counsel acted unreasonably because the arrest warrant was shown and supplied to Reed with the help of his first trial counsel and released from seal under his second trial counsel. *Id*. at PageID.1834-5. The Government also asserts that Reed's claim is undermined by his counsel's willingness to research and file motions to challenge the arrest warrant, even if they did not agree with the challenges. *Id*. at PageID.1836. Finally, the Government maintains that Reed's claim that the warrant was fraudulent is meritless on its face. *Id*.

### III. Law and Analysis

**A. Legal Standard**

Under § 2255, the statute states in relevant part, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). To establish a claim for ineffective assistance of counsel under the Sixth Amendment, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "any deficiencies in counsel's performance must [have] be[en] prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Regarding the performance prong, the Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead has emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal quotation marks omitted). The reviewing court must determine "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. In making that determination, the court takes in "every effort [] to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

5

conduct from counsel's perspective at the time." *Id*. at 689. In doing so, counsel is entitled to a strong presumption by the court to have "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

The appropriate test to show prejudice requires the defendant to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. However, the defendant "need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id*. at 693. There is also a presumption that the judge or jury acted according to law, absent any challenge. *Id*. at 694.

## B. Discussion

With respect to defaulted claims, the Supreme Court has provided the "general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). The exception lying in ineffective assistance of counsel because the "claim on direct appeal does not promote these objectives." *Id*. Furthermore, the claim "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id*. at

505. Reed argues that the arresting officer did not produce the warrant when asked and its absence during pre-trial proceedings was improper. ECF No. 215, PageID.1800. The Government argues this claim is procedurally defaulted. A procedural default is ordinarily addressed first, but resolution on the merits is permitted where the issue is easily resolved. *Lambrix v. Singletary*, 520 U.S. 518, 524. The Court need not address the issue of procedural default because Reed's claim is without merit.

1. **Ineffective assistance of trial counsel–Failure to Challenge Arrest Warrant**

    Reed asserts that trial counsel's failure to "raise an issue on direct appeal" was ineffective. ECF No. 215, PageID.1802. Specifically, Reed argues that trial counsel erred by not claiming the arrest warrant was fraudulent due to the judges' signatures being absent and the delay in admitting it into evidence. ECF No. 215, PageID.1810.

    The Court concludes that Reed cannot satisfy the performance prong of the *Strickland* standard for this claim. There were multiple attempts by trial counsel to satisfy Reed's concerns regarding the arrest warrant. During pre-trial conferences, Reed's first trial counsel had the warrant shown and supplied to Reed and advised Reed multiple times that there was no basis to challenge it after researching the issue. ECF No. 22, PageID.67-8. Reed's second trial counsel had the warrant

released from seal, and against what he agreed with, was willing to file a motion to dismiss the warrant to ease Reed's concerns, but that relationship broke down after racial remarks. ECF No. 43, PageID.149-50. Finally, Reed decided to represent himself with Court appointed counsel. ECF No. 136, PageID.653. Nevertheless, Reed argues that the arrest warrant was improper, and his counsel was ineffective for not arguing the issue. ECF No. 215, PageID.1802. He cites several alleged wrongdoings but does not acknowledge the substantial steps taken by trial counsel that would bar an ineffective assistance of counsel claim.

However, the Sixth Circuit has held that "omitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013). Moreover, where "the underlying arguments are meritless; it could be scarcely ineffective of [] counsel not to raise them." *Id*. Trial counsel did not have to bring a meritless argument. Additionally, nothing in the record shows counsel ignoring an important issue. Indeed, Reed's trial counsel took steps to show, unseal, and file motions to dismiss the arrest warrant at Reed's request. When this Court denied Reed's motion to suppress evidence, the Court rejected the arguments that Reed now argues counsel should have presented as to the arrest warrant. Any failure to re-state these unsuccessful arguments is not objectively unreasonable. *See Coley*, 706 F.3d at 752. Accordingly, Reed is not entitled to relief on this claim.

## 2. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not be issued. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

The Supreme Court has provided that, to demonstrate entitlement to a certificate of appealability pursuant to § 2255, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDanial*, 529 U.S. 473, 484 (2000).

Here, the Court concludes that reasonable jurists would not find it debatable whether Reed's § 2255 Motion should have been resolved in a different manner,

nor would jurists of reason debate whether his claims were adequate to deserve encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability.

## IV. Conclusion

Accordingly, it is hereby ordered that Reed's Motion to Vacate Sentence (ECF No. 215) is DENIED.

Reed's Motion to Dismiss Case (ECF No. 219] is also DENIED.

SO ORDERED.

Dated: July 29, 2024 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 29, 2024, by electronic and/or ordinary mail.
/s/Marlena Williams
Case Manager